IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ASSURANCE COMPANY OF AMERICA, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § § | CIVIL ACTION NO. <u>5:14-CV-758</u> |
| THE VISION FORUM, INC., VISION FORUM MINISTRIES, INC. AND DOUG PHILLIPS, LOURDES TORRES-MANTEUFEL | § § § § § | |
| Defendants. | § | |

### ASSURANCE COMPANY OF AMERICA'S ORIGINAL COMPLAINT
### <u>FOR DECLARATORY JUDGMENT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Assurance Company of America and files this Original Complaint for Declaratory Judgment and would show the Court the following:

### I.
### THE PARTIES

1.      Plaintiff, Assurance Company of America ("Assurance") is a corporation engaged in the insurance business with a statutory home office located in New York, New York and a main administrative office or principal place of business located at 1400 American Lane Tower 1, Floor 19, Schaumburg, IL 60196-1056. Assurance Company of America may be served with process through its Registered Agent for Service, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

2.      Defendant The Vision Forum, Inc. is a Texas corporation with a principal place of business located at 18615 Tuscany Stone, Suite 200, San Antonio, Texas 78258 and may be served with process by and through its registered agent, Doug Phillips, 4719 Blanco Road, San Antonio, Texas 78212.

3.    Defendant Vision Forum Ministries, Inc. is a Texas corporation with a principal place of business located at 4719 Blanco Road, San Antonio, Texas 78212-1015 and may be served with process by and through its registered agent, Doug Phillips, 4719 Blanco Road, San Antonio, Texas 78212.

4.    Defendant Doug Phillips ("Phillips") is an individual residing at 200 Canada Verde Street, San Antonio (Bexar County), Texas 78232-1141 and may be served with process at 200 Canada Verde Street, San Antonio, Texas 78232-1141.

5.    Defendant Lourdes Torres-Manteufel ("Torres") is an individual residing at 6222 UTSA Blvd., Apt. #13302, San Antonio (Bexar County), Texas 78249-1692 and may be served with process at 6222 UTSA Blvd., Apt. #13302, San Antonio (Bexar County), Texas 78249-1692.

## II.
## JURISDICTION

6.    The jurisdiction of this Court over the subject matter of this action is predicated on Fed. R. Civ. P. 57 and 28 U.S.C. §2201. There exists complete diversity between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## III.
## VENUE

7.    Venue is proper in this matter pursuant to 28 U.S.C. §1391 as the defendants reside in the judicial district and all defendants are residents of the State in which the district is located, furthermore a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.
## BACKGROUND FACTS/UNDERLYING SUIT

8. On April 15, 2014, Lourdes Torres-Manteufel ("Torres") filed an Original Petition in the Bexar County, Texas District Court, against Douglas Phillips ("Phillips"), The Vision Forum, Inc. and Vision Forum Ministries, Inc. (the "underlying suit").

9. Her petition alleges battery, assault, sexual battery, fraud and intentional infliction of emotional distress against Phillips; negligent infliction of emotional distress and sexual exploitation, against all Defendants; and negligent supervision, and negligent retention as to The Vision Forum, Inc. and Vision Forum Ministries, Inc.

10. Torres' causes of action arise from allegations of sexual abuse by Phillips, who, she alleges, was at various relevant points her landlord, her boss and her pastor, serving as primary leader of a patriarchal church in Boerne, Texas.

11. Torres alleges Phillips began grooming, manipulating, and controlling her starting in 1999, when she was fifteen-years-old.  She alleges in July of 2007, Phillips allegedly began massaging her inappropriately.  She further alleges from October, 2007 until November 2007, Phillips sexually abused her, harassed her and performed inappropriate sexual acts without her consent.  She alleges this conduct began again in January 2008 and continued through the fall of 2012, when she ceased all contact with Phillips.

12. Additionally, Torres' alleges that in early 2013, the leadership at Boerne Christian Fellowship Church and the Vision Forum Ministries Board were informed of Phillips acts, yet he was thereafter permitted to maintain his leadership role.

13. Torres' petition requests general damages, special damages, exemplary damages, costs and attorneys' fees from Phillips, The Vision Forum, Inc. and Vision Forum Ministries, Inc. (collectively "Vision Forum Defendants").

## V.
## INSURANCE POLICY

14. Assurance issued Precision Portfolio Policy no. PAS 04663763, to The Vision Forum, Inc. d/b/a Vision Forum Ministries, effective 3/6/11 to 3/6/12. The Policy was renewed for 3/6/12 to 3/6/13 (the "Policy"). The Policy was cancelled on 3/6/2013, at the start of the renewal policy period.

15. The Policy contains commercial property and general liability coverage (CGL Ed. 4-99) as well as employment practices liability coverage. There is a $2,000,000 per occurrence limit for the general liability coverage and $2,000,000 for personal and advertising injury. The Policy also contains commercial umbrella coverage with a aggregate and per occurrence limit of $4,000,000.

16. Each of the Vision Forum Defendants is seeking coverage under the Policy for the claims asserted against them in the underlying suit. As such, Torres would stand to benefit from the Policy if the Policy affords indemnity coverage.

17. However, the Vision Forum Defendants are not entitled to coverage as willful misrepresentations in the application void the Policy coverage.

18. Furthermore, Phillips and Vision Forum Ministries, Inc. are not "insureds" under the Policy. Additionally, the Vision Forum Defendants are not entitled to Policy coverage and the Insuring Agreement does not cover claims asserted in the underlying suit and the claims are otherwise excluded.

## VI.
## CAUSE OF ACTION-DECLARATORY JUDGMENT

19.     Assurance seeks a declaration, pursuant to 28 U.S.C. §§2201, 2202, that it does not owe a defense and/or indemnity obligation to Phillips, The Vision Forum, Inc. and/or Vision Forum Ministries, Inc., under the Policy for the clams at issue in the underlying suit.

**A.     Application Misrepresentation/Rescission**

20.     Prior to issuance of the Policy, The Vision Forum, Inc. provided information in application to obtain insurance.

21.     In its application, The Vision Forum, Inc. represented that "Vision Forum Ministries" was a trade name of The Vision Forum, Inc. and not a separate legal entity with its own separate risks and liabilities.

22.     Additionally, in its application for insurance, The Vision Forum, Inc. represented its company as a mail order home school supply business.

23.     However, The Vision Forum, Inc. misrepresented these material facts in its application for insurance to Assurance, as Vision Forum Ministries, Inc. was a separate legal entity and The Vision Forum, Inc. was operating its business in several other capacities, including as a church.

24.     The Vision Forum, Inc. made these material misrepresentations willfully and with design to deceive or defraud Assurance into providing coverage for more risks and liabilities than bargained for by Assurance.

25.     Assurance detrimentally relied upon The Vision Forum, Inc.'s willful misrepresentations in issuing the Policy to The Vision Forum, Inc. and in determining premiums, exclusions, conditions and terms of the Policy.

**ASSURANCE COMPANY OF AMERICA'S ORIGINAL COMPLAINT
FOR DECLARATORY JUDGMENT- PAGE 5**
1784681

26.     As such, the coverages afforded in the Policy are void and Assurance seeks a declaration from the Court that the Policy may be rescinded.

**B.      Coverage**

27.     The Policy provides liability coverage for those sums "that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

28.     Under the Section II of the Policy liability coverage, the Policy identifies who is "insured" in the provision that states, in relevant part:

> **SECTION II - WHO IS AN INSURED**
>
> \*       \*       \*
>
> **1.**     If you are designated in the Declarations as:
>
> \*       \*       \*
>
> **d.**     An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.
>
> \*       \*       \*
>
> **2.**     Each of the following is also an insured:
>
> **a.**     Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:
>
> **(1)**     "Bodily injury" or "personal and advertising injury":
>
> **(a)**     To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to a co-"employee" while that co-"employee" is either in the course of his or her employment or performing duties related to the conduct of your business;

29. Vision Forum Ministries, Inc. is not designated as a named insured under the Policy and is, therefore, not covered under the Policy.

30. Furthermore, Douglas Phillips is not designated as a named insured under the Policy and was not acting within the scope or his duties as an officer or director with respect to the allegations of the claim and is, therefore, not entitled to coverage under the Policy as an "insured."

31. Moreover, per the **Amendment of Insuring Agreement—Known Injury or Damage,** the Policy provides coverage for "bodily injury" "occurrences" only if:

> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and
>
> **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II -** Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

32. Furthermore, with respect to when a "bodily injury" is known by the Insured, the Policy states as follows:

> **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
>
> **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
>
> **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
>
> **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

33. The underlying suit alleges that inappropriate and unwanted sexual contact began in 2007 and ended in 2012.

34. Vision Forum Defendants, by and through their employees, and/or officers and directors, were aware of the "bodily injury" prior to the effective date of the Policy (March 6, 2011) and renewal of the Policy (March 6, 2012).

35. Thus, Assurance seeks a declaration that the "bodily injury" alleged was a known loss, not covered under the Insuring Agreement.

36. Additionally, the Policy defines a covered "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

37. The Policy further excludes:

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured"

38. The underlying suit alleges Phillips acted with the intent to cause Torres harm.

39. Furthermore, the alleged conduct of Phillips was so extreme or outrageous that his intent to cause her bodily should be inferred.

40. Therefore, if the Court deems Phillips is a covered "insured," Assurance seeks an alternative declaration that it has no duty to defend or indemnify Phillips because the underlying suit does not allege an accident or "occurrence" under the Policy or the claim is otherwise excluded as an expected or intended "bodily injury." Further, that the alleged damages were fortuitous.

41. The Policy also provides the following exclusions:

**2.   Exclusions**

This insurance does not apply to:

**e.   Employer's Liability**

       "Bodily injury" to:

    **(1)**    An "employee" of the insured arising out of and in the course of:

        **(a)**    Employment by the insured; or

        **(b)**    Performing duties related to the conduct of the insured's business…

    \*    \*    \*

**o.**    **Professional**

    **(1)**    "Bodily injury" or "property damage" arising out of the rendering or failure to render any professional service, including but not limited to:

        **(a)**    Accounting, advertising, architectural, drafting, engineering, financial, insurance or legal services, advice and instruction;

        **(b)**    Medical, cosmetic, dental, ear piercing, hair dressing, massage, physical therapy, veterinary, nursing, surgical or x-ray services, advice and instruction;

        **(c)**    Use of any tanning booth, tanning bed, tanning equipment or tanning device;

    \*    \*    \*

42.    By endorsement, the Policy also states the following exclusion:

**TEXAS CHANGES - EMPLOYMENT-RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.    The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability:

This insurance does not apply to:

"Bodily injury" to:

(1)    A person arising out of any:

    (a)    Refusal to employ that person;

(2)    To any obligation to share damages with or to repay someone else who must pay damages because of the injury.

B.    The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage B – Personal And Advertising Injury Liability:

This insurance does not apply to:

"Personal and advertising injury" to:

    (b)    Termination of that person's employment;

    (c)    Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2)    The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b) or (c) above is directed.

This exclusion applies:

(1)    Whether the insured may be liable as an employer or in any other capacity; and

(1)    A person arising out of any:

    (a)    Refusal to employ that person;

    (b)    Termination of that person's employment; or

    (c)    Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2)    The spouse, child, parent, brother or sister of that person as a consequence of "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs (a), (b) or (c) above is directed.

43. The underlying suit alleges Torres was an employee of Phillips and that Phillips was employed by The Vision Forum, Inc. and Vision Forum Ministries, Inc. The underlying suit also alleges that Torres suffered injury during her employment with Phillips and while she was assisting him with business endeavors.

44. As such, Assurance seeks a declaration that it has no duty to defend or indemnify the Vision Forum Defendants as the claim is excluded from coverage under Section I (2), Exclusion (e) of the Policy.

45. The underlying suit also alleges Phillips was a "mental health advisor" for Torres. As such, exclusion 2.O. of the Policy applies.

46. Based on these allegations in underlying suit, Assurance requests the Court declare that Assurance has no duty to defend or indemnify Vision Forum Defendants with

respect to the underlying suit, as damages arise out of the rendering of professional services, thereby, excluding the claim from coverage.

47. Furthermore, Assurance seeks a declaration that the allegations of the underlying suit do not allege a "Personal and Advertising Injury" (as defined by the Policy) that would trigger coverage under "Coverage B." of the Policy, as there are no allegations of false arrest, detention, or imprisonment; malicious prosecution; wrongful eviction from or invasion of the right of private occupancy of a room, dwelling or premise; slander, libel, or disparagement of goods; violation of right to privacy through publication; misappropriation of advertising ideas or styles of doing business; or infringement of copyright in advertising.

48. Additionally, because the Employment Practices Liability Insurance coverage is offered for claims "made and reported" within the Policy period, and the Insured failed to report this claim until after the Policy was cancelled, Assurance seeks an order stating that the Employment Practices Liability Insurance Coverage and its limits are not triggered to require a duty to defend or indemnify.

C. **Umbrella Coverage**

1. **Application Misrepresentation/Rescission**

49. The Policy issued to The Vision Forum, Inc. included a Commercial Umbrella coverage excess to the Assurance Policy.

50. Prior to issuance of this coverage, The Vision Forum, Inc. provided information in application to obtain insurance.

51. In its application, The Vision Forum, Inc. represented that "Vision Forum Ministries" was a trade name of The Vision Forum, Inc. and not a separate legal entity with its own separate risks and liabilities.

52. Additionally, in its application for insurance, The Vision Forum, Inc. represented its company as a mail order home school supply business.

53. However, The Vision Forum, Inc. misrepresented these material facts in its application for insurance to Assurance, as Vision Forum Ministries, Inc. was a separate legal entity and The Vision Forum, Inc. was operating its business in several other capacities, including as a church.

54. The Vision Forum, Inc. made these material misrepresentations willfully and with design to deceive or defraud Assurance into providing coverage for more risks and liabilities than bargained for by Assurance in issuing the Umbrella coverage.

55. The Umbrella coverage states, as a condition to coverage that:

> By accepting this policy, you agree:
>
> A) The statements on the DECLARATIONS PAGE are accurate and complete;
>
> B) Those statements are based upon representations you made to us; and
>
> C) We have issued this policy in reliance upon your representations.

56. As indicated in the Umbrella coverage conditions, Assurance detrimentally relied upon The Vision Forum, Inc.'s willful misrepresentations in issuing the Policy to The Vision Forum, Inc. and in determining premiums, exclusions, conditions and terms of the Umbrella coverage.

57. As such, the Umbrella coverages are void and Assurance seeks a declaration from the Court that such coverages may be rescinded.

**2.   Coverage**

58. The Commercial Umbrella Coverage—Insuring Agreement, with amending endorsement for Known Injury or Damage, provides coverage to the insured for "those sums in

excess of the 'retained limit' which the insured becomes legally obligated to pay as damages for:"

\* \* \*

 1.01 Coverage

\* \* \*

  1) "Bodily injury" or "property damage" to which this insurance applies, occurring during the POLICY PERIOD stated on the DECLARATIONS PAGE and caused by an "occurrence";

  2) "Personal injury" to which this insurance applies, caused by an offense committed during the POLICY PERIOD stated on the DECLARATIONS PAGE and arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

  3) "Advertising injury" to which this insurance applies, caused by an offense committed during the POLICY PERIOD stated on the DECLARATIONS PAGE and in the course of advertising your goods, products or services.

\* \* \*

59. The Umbrella Coverage is only afforded to the "insured," which is defined, in relevant part, as follows:

**SECTION 3. WHO IS INSURED?**

 3.01 If you are designated on the DECLARATIONS PAGE as:

  C) An organization other than a partnership or joint venture, you are an insured. Your "executive officers" and directors are also insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\* \* \*

 3.03 Each of the following is also an insured:

\* \* \*

  D) Your "employees," while acting within the scope of their duties as your "employees," except in connection with the ownership, maintenance, operation, use, "loading or unloading" of an "auto," other than one owned by, loaned to, or hired for use by you.

  F) Any of your subsidiary companies or any company over which you exercise control and actively manage, but only to the extent that

> coverage is afforded to the subsidiary or managed company by the "underlying insurance."

> No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a NAMED INSURED on the DECLARATIONS PAGE.

60. The Vision Forum Ministries, Inc. is not designated as a named insured under the declarations page and is not covered by the underlying insurance and is, therefore, not a covered "insured" under the Umbrella Coverage.

61. Furthermore, Douglas Phillips is not designated as a named insured under the Policy and was not acting within the scope or his duties as an officer or director with respect to the allegations of the claim and is, therefore, not entitled to umbrella coverage as an "insured."

62. Additionally, the Umbrella coverage insurance applies only if:

> \*   \*   \*
>
> B) This insurance applies to "bodily injury" and "property damage" only if:
>
>   1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the coverage territory;
>
>   2) The "bodily injury" or "property damage" occurs during the POLICY PERIOD; and
>
>   3) Prior to the POLICY PERIOD, no insured listed under Item 3.01, of SECTION 3. WHO IS AN INSURED and no "employee" authorized by you to give or receive notice of an "occurrence" or "claim", knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the POLICY PERIOD, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the POLICY PERIOD will be deemed to have been known prior to the POLICY PERIOD.
>
> \*   \*   \*

63. With respect to when a "bodily injury" is known, the Umbrella coverage states:

> \*   \*   \*
>
> D) "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Item 3.01, of SECTION 3. WHO IS AN INSURED or any "employee" authorized by you to give or receive notice of an "occurrence" or "claim":

**ASSURANCE COMPANY OF AMERICA'S ORIGINAL COMPLAINT
FOR DECLARATORY JUDGMENT**- PAGE 14

     1)     Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

     2)     Receives a written or verbal demand or "claim" for damages because of the "bodily injury" or "property damage"; or

     3)     Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

\* \* \*

64. The underlying suit alleges that inappropriate and unwanted sexual contact began in 2007 and ended in 2012.

65. Vision Forum Defendants, by and through their employees, and/or officers and directors, were aware of the "bodily injury" prior to the effective date of the Policy (March 6, 2011) and renewal of the Policy (March 6, 2012), which includes the Umbrella coverage.

66. Thus, Assurance seeks a declaration that the "bodily injury" alleged was a known loss, not covered under the Umbrella coverage Insuring Agreement.

67. Moreover, the Umbrella coverage defines a covered "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

68. The Policy further excludes:

2.09 **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force in protecting persons or property.

69. The underlying suit alleges Phillips acted with the intent to cause Torres harm.

70. Furthermore, the alleged conduct of Phillips was so extreme or outrageous that his intent to cause her bodily should be inferred.

71. Therefore, if Phillips is a covered "insured," Assurance seeks an alternative declaration that it has no duty to defend or indemnify Phillips because the underlying suit does

not allege an accident or "occurrence" under the Umbrella coverage, or the claim is otherwise excluded as an expected or intended "bodily injury."

72. Additionally, Commercial Umbrella Coverage excludes:

2.06   **Discrimination, Humiliation**

"Bodily injury" or "personal injury" arising out of discrimination or humiliation:

A) That is directly or indirectly related to the employment or prospective employment by the insured of any person or persons; or

B) That is based on race, creed, color, sex, age, or national origin.

\* \* \*

2.08   **Employers Liability**

A) 1) a) "Bodily injury" to any "employee" of the insured arising out of and in the course of his or her employment by the insured for which the insured may be held liable as an employer or in any other capacity;

b) Any obligation of the insured to indemnify or contribute with another because of damages for "bodily injury" to an "employee" arising out of and in the course of his or her employment by the insured; or

\* \* \*

2) However, A)1)a), b), c) do not apply:

\* \* \*

b) To the extent coverage is available to the insured in a policy listed in the SCHEDULE OF UNDERLYING INSURANCE.

\* \* \*

2.10   **Fellow Employee Injury**

Any "employee" as an insured with respect to "bodily injury" or "personal injury":

A) To you, to your partners or members (if you are a partnership or joint venture), or to a co—"employee" while in the course of his or her employment or while performing duties related to the conduct of your business;

\* \* \*

D) Arising out of his or her providing or failing to provide professional health care services.

73. By endorsement, the Umbrella coverage also excludes certain employment related practices, as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM

This insurance does not apply to:

A) "bodily injury" to:

1) A person arising out of any:

a) Refusal to employ that person;

b) Termination of that person's employment; or

c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

2) The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury", to that person at whom any of the employment-related practices described in Paragraphs a), b), or c) above is directed.

This exclusion applies:

1) Whether the insured may be liable as an employer or in any other capacity; and

2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

B) "personal injury" or "advertising injury" to:

1) A person arising out of any:

a) Refusal to employ that person;

b) Termination of that person's employment; or

c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

2) The spouse, child, parent, brother or sister of that person as a consequence of "personal injury" or "advertising injury" to that person at whom any of the employment-related practices described in Paragraphs a), b) or c) above is directed.

74. The underlying suit alleges sexual abuse and pervasive and offensive sexual conduct by Phillips, resulting in, among other damages, loss of reputation, depression and mental and emotional anguish. The underlying suit sets forth multiple allegations of grooming and degradation amounting to humiliation and discrimination based on sex.

75. The underlying suit also alleges that Torres was employed by Phillips while he served as an employee of and board member for The Vision Forum, Inc. and Vision Forum Ministries, Inc.

76. Based on the underlying allegations of humiliation, discrimination, and employment with Phillips and The Vision Forum, Inc and Vision Forum Ministries, Inc., exclusions 2.06, 2.08 and 2.10 of the Umbrella coverage are applicable.

77. Also based on the underlying allegations, Assurance requests the Court declare that a "personal and advertising injury," as defined by the Umbrella coverage, was not alleged and thus the underlying suit does not trigger the duty to defend or indemnify under such coverage.

78. Thus, Assurance requests an order of the Court declaring that there is no duty to defend or indemnify with respect to the underlying suit under the Umbrella coverage.

## VII.
## ATTORNEYS' FEES

79. Assurance has been forced to hire the undersigned attorneys to prosecute this claim. Pursuant to 28 U.S.C. 2202, Assurance respectfully requests that the Court award Assurance the reasonable and necessary attorneys' fees it incurs in this lawsuit.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Assurance respectfully prays that Defendants be cited to appear and answer this lawsuit and that this Court enter a judgment against Defendants for the following:

1. Declaration that Assurance does not owe a duty to defend Phillips, The Vision Forum, Inc. and/or the Vision Forum Ministries, Inc. in the underlying suit;

2. Further, a declaration that Assurance does not owe a duty to indemnify any of the Defendants under the Assurance Precision Portfolio Policy no. PAS 04663763 for any judgment or settlement reached in the underlying suit;

3. All reasonable and necessary attorneys' fees incurred by Assurance in this lawsuit; and,

4. All other relief to which Assurance is entitled.

Respectfully submitted,

**HERMES SARGENT BATES, L.L.P.**

By: */s/ Veronica M. Bates*
    **VERONICA M. BATES**
    State Bar No. 01912795
    veronica.bates@hsblaw.com
    **JESSICA L. O'NEILL**
    State Bar No. 24086556
    jessica.oneill@hsblaw.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: 214.749.6530
Facsimile: 214.749.6330

**ATTORNEYS FOR PLAINTIFF
ASSURANCE COMPANY OF AMERICA**